## Case No. 1,044.

### In re BARRETT.

[11 N. B. R. 527; 1 Cent. Law J. 556.]

District Court, E. D. Texas. Oct. 22, 1874.

VOLUNTARY BANKRUPTCY—DISCHARGE OF BANKRUPT—TIME LIMITATION.

[A bankrupt whose estate has no assets cannot be discharged from his debts, under Act March 2, 1867, § 29, (14 Stat. 531,) unless he applies "for a discharge after the expiration of 60 days, and within one year from the adjudication of bankruptcy."]

In bankruptcy.

MORRILL, District Judge. The question for adjudication is whether the bankrupt, whose estate had no assets, is entitled to a discharge from his debts if he shall have neglected to apply for such discharge for more than one year from the time he was adjudged a bankrupt. The first paragraph of section 39 [29] of the bankrupt act [of March 2, 1867, (14 Stat. 531,)] provides: "That at any time after the expiration of six months from the adjudication of bankruptcy, or * * * if no assets have come to the hands of the assignee, at any time after the expiration of sixty days, and within one year from the adjudication of bankruptcy, the bankrupt may apply to the court for a discharge from his debts." The statute contemplates in this section two classes of bankrupts, the difference between them being the having, and not having, assets. To one class no limit is assigned as to the time the bankrupt may apply to the court for a discharge after the expiration of six months from the adjudication of bankruptcy; to the other it is provided that "he may apply at any time after the expiration of sixty days, and within one year from the adjudication of bankruptcy."

It must be considered that, as the bankrupt act does, by its provisions and effects, impair the obligations of contracts, and would, on that account, be unconstitutional, if not expressly provided by the constitution, the construction to be given to this act must be strict; and certainly, when the act expressly provides the way and manner, and within what periods of time a bankrupt may be discharged, the only question that can arise is, does the applicant come within the provisions. In this case the applicant seems to have realized the fact that he has not applied within the proper time, and has stated the causes and reasons for delay. If the act authorized a judge to extend the time in consequence of the sickness or other disability of a party, there would be a different case presented from the one now before the court. As the case now stands, since the statute says that "the bankrupt may apply for a

discharge after the expiration of sixty days and within one year," and does not authorize the application to be made at any other time, a court cannot consider an application made at any other time than as provided by the statute. The court cannot extend, enlarge, or contract the evident and express provisions, meaning, and intent of the statute. The court has no more power to discharge an applicant who fails to comply with one provision of the act than another, or all others. The application is refused.

Discharge refused.